UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RIGOBERTO CABERA RODRIGUEZ
(A-NUMBER: 026-682-055),

        Petitioner,

    v.

TODD BLANCHE, *et al*.,

        Respondents.

Case No.  1:26-cv-4092-TLN-JDP

ORDER; FINDINGS AND
RECOMMENDATIONS

Petitioner Rigoberto Cabera Rodriguez entered the United States in 1983, was detained by ICE in 2022, and was ordered removed in 2026.  Petitioner, proceeding pro se, has filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, claiming that his detention violates the Fifth Amendment.  For the following reasons, I recommend that the petition be denied.

**Background**

Petitioner entered the United States as a lawful permanent resident in 1983.  ECF No. 8-1 at 2.  In 2003, petitioner was convicted for possession of a controlled substance.  *Id*.  In 2020, petitioner was convicted for grand theft of a firearm.  *Id*.

In 2022, petitioner was detained by ICE after he was encountered at a Florida correctional facility.  *Id*.  The government asserts that, throughout his removal proceedings, petitioner was subject to mandatory detention under 8 U.S.C. § 1226(c).  *See* ECF No. 8 at 4.

1

On May 5, 2026, petitioner was ordered removed to Cuba. ECF No. 8-6. Although petitioner reserved the right to appeal by June 4, 2026, respondents represent that he did not file a timely appeal. *See id*. at 4; ECF No. 8 at 3.

## Procedural History

On May 28, 2026, petitioner filed a petition for writ of habeas corpus.[1] ECF No. 1. The following day, the court referred the matter to me. ECF No. 5. On June 8, 2026, respondents filed an answer. ECF No. 8. Because petitioner has not filed a timely traverse, the matter is deemed submitted. *See* ECF No. 7 at 2.

## Legal Standard

A federal court may grant habeas relief when a petitioner shows that his custody violates federal law. *See* 28 U.S.C. §§ 2241(a), (c)(3), 2254(a); *Williams v. Taylor*, 529 U.S. 362, 374-75 (2000). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## Analysis

Petitioner claims that his detention violates the Fifth Amendment. ECF No. 1 at 6. Respondents counter that petitioner is subject to a final order of removal. ECF No. 8 at 1.

The Immigration and Nationality Act provides that when a noncitizen "is ordered removed, the Attorney General shall remove the alien from the United States within a period of

---

[1] Petitioner concurrently filed a motion for the appointment of counsel. ECF No. 2. Petitioners in habeas proceedings do not have a constitutional right to the appointment of counsel. *See Nevius v. Sumner*, 105 F.3d 453, 460 (9th Cir. 1996). Instead, the court has discretion to appoint counsel if it determines that "the interests of justice so require." 18 U.S.C. § 3006A; *see also* Rules Governing § 2254 Cases, Rule 8(c). Here, because I do not find that the interests of justice require the appointment of counsel, I will deny petitioner's motion.

90 days (in this section referred to as the 'removal period')." 8 U.S.C. § 1231(a)(1)(A).  Relevant here, the removal period begins on the "date the order of removal becomes administratively final."  *Id.* § 1231(a)(1)(B).  Moreover, detention during the removal period is mandatory.  *See id.* § 1231(a)(2)(A) ("During the removal period, the Attorney General shall detain the alien.").  The Court of Appeals has held that this period of detention "passes constitutional scrutiny" because there is no danger of indefinite detention; on the contrary, the provision authorizes "detention for 90 days only."  *Khotesouvan v. Morones*, 386 F.3d 1298, 1301 (9th Cir. 2004).

Here, petitioner was ordered removed on May 5, 2026.  ECF No. 8-6.  The order became final on June 5, 2026, which is when petitioner's allotted time for an appeal expired.[2]  *See id.* at 4; 8 C.F.R. § 1241.1(c).  Consequently, petitioner is subject to mandatory detention during his removal period, which runs through September 3, 2026.  *See* 8 U.S.C. §§ 1231(a)(1)(A), (2)(A).  Moreover, this mandatory detention does not violate petitioner's due process rights.  *See Khotesouvan*, 386 F.3d at 1301.

It bears mention that after the removal period expires in September 2026, petitioner could still be subject to discretionary detention.  *See* 8 U.S.C. § 1231(a)(6).  In *Zadvydas*, the Supreme Court addressed a challenge to prolonged detention under this section and held that:

> We do have reason to believe, however, that Congress previously doubted the constitutionality of detention for more than six months. Consequently, for the sake of uniform administration in the federal courts, we recognize that period.  After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient.

533 U.S. at 701 (internal quotation marks and citation omitted).

Accordingly, petitioner's detention is "presumptively reasonable" until six months following when the order of removal became final.  *See id.*

---

[2] In addition to respondents' representation that petitioner has not timely appealed, EIOR's Automated Case Information tracker also indicates that the Board of Immigration Appeals has not received an appeal in petitioner's case.  *See* EIOR Automated Case Information, https://acis.eoir.justice.gov/en/caseInformation (last visited June 17, 2026).

**Conclusion**

Accordingly, it is hereby ORDERED that petitioner's motion for the appointment of counsel, ECF No. 2, is DENIED.

Further, it is hereby RECOMMENDED that:

1. The petition for writ of habeas corpus, ECF No. 1, be DENIED.

2. The Clerk of Court be ordered to enter judgment accordingly and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within seven days of service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    June 22, 2026

_____
JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

4