UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RIGOBERTO CABERA RODRIGUEZ (A-NUMBER: 026-682-055),<br><br>Petitioner,<br><br>v.<br><br>TODD BLANCHE, *et al.*,<br><br>Respondents. | Case No. 1:26-cv-4092-TLN-JDP<br><br>ORDER; AMENDED FINDINGS AND RECOMMENDATIONS |

Petitioner Rigoberto Cabera Rodriguez entered the United States in 1983, was detained by ICE in 2022, and was ordered removed in 2026. Petitioner, proceeding pro se, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, claiming that his detention violates the Fifth Amendment. I recommended that the petition be denied on the basis that petitioner was subject to a final order of removal. After my recommendations issued, respondents filed objections, notifying the court that petitioner is no longer subject to a final order of removal because the Board of Immigration Appeals has accepted an untimely appeal. Accordingly, I withdraw my current findings and recommendations and, in their place, substitute the following findings and recommendations, while still concluding that the petition should be denied.

**Background**

Petitioner entered the United States as a lawful permanent resident in 1983. ECF No. 8-1 at 2. In 2003, petitioner was convicted for possession of a controlled substance. *Id*. In 2020, petitioner was convicted for grand theft of a firearm. *Id*.

In 2022, petitioner was detained by ICE after he was encountered at a Florida correctional facility. *Id*. The government asserts that, throughout his removal proceedings, petitioner was subject to mandatory detention under 8 U.S.C. § 1226(c). *See* ECF No. 8 at 4.

On May 5, 2026, petitioner was ordered removed to Cuba. ECF No. 8-6. Although petitioner's appeal was due by June 4, 2026, the Board of Immigration Appeals ("BIA") accepted petitioner's appeal that it received on June 15, 2026. *See id*. at 4; ECF No. 11-1 at 2. Accordingly, petitioner's removal order is not final. *See* 8 C.F.R. § 1241.1(a).

**Procedural History**

On May 28, 2026, petitioner filed a petition for writ of habeas corpus. ECF No. 1. On the following day, the court referred the matter to me. ECF No. 5. On June 8, 2026, respondents filed an answer. ECF No. 8. Because petitioner did not file a timely traverse, the matter was deemed submitted. *See* ECF No. 7 at 2.

On June 23, 2026, I issued findings and recommendations, concluding that the petition should be denied on the basis that petitioner was subject to a final order of removal. ECF No. 9. On July 2, 2026, petitioner filed objections, notifying the court that petitioner was no longer subject to a final order of removal because the BIA accepted his untimely appeal.[1] ECF No. 10.

**Legal Standard**

A federal court may grant habeas relief when a petitioner shows that his custody violates federal law. 28 U.S.C. §§ 2241(a), (c)(3), 2254(a); *Williams v. Taylor*, 529 U.S. 362, 374-75 (2000). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."

[1] Petitioner was previously detained at California City Detention Facility. ECF No. 1 at 1. In its objections, respondent also notified the court that petitioner has been transferred to a detention facility in Louisiana. ECF No. 10 at 2. I will order the Clerk of Court to send a copy of this order to petitioner at both detention facilities.

*Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

**Analysis**

Petitioner claims that his detention violates the Fifth Amendment. ECF No. 1 at 6. Respondent counters that petitioner is subject to mandatory detention under 8 U.S.C. § 1226(c) such that it does not violate his due process rights.[2] ECF No. 8 at 4-5.

Section 1226(c) mandates the detention of any noncitizen who "is deportable by reason of having committed any offense covered in" 8 U.S.C. §§ 1227(a)(2)(B) or (C). 8 U.S.C. § 1226(c)(1)(B). Petitioner is subject to mandatory detention because he is deportable by reason of having committed offenses covered in both such sections.[3] First, section 1227(a)(2)(B) provides that:

> Any alien who at any time after admission has been convicted of a violation of (or a conspiracy or attempt to violate) any law or regulation of a State, the United States, or a foreign country relating to a controlled substance (as defined in section 802 of Title 21), other than a single offense involving possession for one's own use of 30 grams or less of marijuana, is deportable.

8 U.S.C. § 1227(a)(2)(B)(i).

21 U.S.C. § 802 defines "controlled substance" as "a drug or other substance, or immediate precursor, included in schedule I, II, III, IV, or V of part B of this subchapter." 21

---

[2] In its opposition to the petition, respondent argued that petitioner was subject to a final order of removal and that he was previously subject to mandatory detention under section 1226(c). *See* ECF No. 8 at 3-5. In its objections to the findings and recommendations, respondent argues that, in light of the BIA accepting petitioner's untimely appeal, petitioner's detention remains governed by section 1226(c). ECF No. 10 at 2. Petitioner was put on notice of this argument in the answer. *See* ECF No. 8 at 6. However, as noted, he has not filed a traverse.

[3] Petitioner's Notice to Appear charged him with removability based on both of these sections. ECF No. 8-2 at 4.

U.S.C. § 802(6). In 2003, petitioner was convicted for possession of a controlled substance—alprazolam, commonly known by the brand name Xanax—in violation of Florida Statute 893.13(6)(a). ECF No. 8-3 at 21, 27. The schedules of controlled substances codified at section 812 does not include alprazolam. *See* 21 U.S.C. § 812. However, federal regulations list alprazolam as a Schedule IV drug. *See* 21 C.F.R. § 1308.14(c)(2). Moreover, the Supreme Court has recognized that a conviction for possession of alprazolam made a petitioner removable under section 1227(a)(2)(B)(i). *Carachuri-Rosendo v. Holder*, 560 U.S. 563, 570-71 (2010). Indeed, the Court held that "[b]ut for trivial marijuana possession offenses . . . , virtually all drug offenses are grounds for removal under 8 U.S.C. § 1227(a)(2)(B)(i)." *Id.* at 571 n.7. Accordingly, petitioner has committed an offense covered in section 1227(a)(2)(B).

Second, section 1227(a)(2)(C) provides that:

> Any alien who at any time after admission is convicted under any law of purchasing, selling, offering for sale, exchanging, using, owning, possessing, or carrying, or of attempting or conspiring to purchase, sell, offer for sale, exchange, use, own, possess, or carry, any weapon, part, or accessory which is a firearm or destructive device (as defined in section 921(a) of Title 18) in violation of any law is deportable.

8 U.S.C. § 1227(a)(2)(C).

In 2020, petitioner was convicted of grand theft of a firearm in violation of Florida Statute 812.014. ECF No. 8-3 at 5. Because petitioner has been convicted of possessing or carrying a firearm in violation of a law, he has committed an offense covered in section 1227(a)(2)(C).

Accordingly, petitioner has committed offenses covered in sections 1227(a)(2)(B) and (C). Each offense independently gives rise to petitioner's mandatory detention under section 1226(c). *See* 8 U.S.C. § 1226(c)(1)(B).

Moreover, section 1226(c) does not violate petitioner's due process rights. In *Demore v. Kim*, the Supreme Court reviewed the Court of Appeals' finding that section 1226(c) violated the Fifth Amendment where the petitioner was a permanent resident who had been convicted of burglary and "petty theft." *Demore v. Kim*, 538 U.S. 510, 515 (2003). The Supreme Court reversed, holding that "[d]etention during removal proceedings is a constitutionally permissible

part of that process."[4] *Id.* at 531. The Court reasoned that detention under section 1226(c) has "a definite termination point," i.e., removal, and that detention until removal "serves the purpose of preventing deportable criminal aliens from fleeing prior to or during their removal proceedings, thus increasing the chance that, if ordered removed, the aliens will be successfully removed." *Id.* at 528-29. Accordingly, courts in this Circuit have declined to find that a petitioner has a due process right to a bond hearing under section 1226(c). *See Singh v. Albarran*, No. 1:26-cv-0822-DJC-CSK, 2026 WL 381557, at *2 (E.D. Cal. Feb. 11, 2026); *Oth v. Chestnut,* No. 1:25-cv-1367-KES-HBK, 2026 WL 323053, at *8 (E.D. Cal. Feb. 6, 2026); *Haryana-Sandhir v. Warden Golden State Annex*, No. 1:26-cv-0405-DJC-SCR, 2026 WL 221372, at *2 (E.D. Cal. Jan. 28, 2026).

**Conclusion**

Accordingly, it is hereby ORDERED that:

1. The Clerk of Court shall send a copy of this order to petitioner at his California City Detention Facility address on the docket, as well as the following address: Winn Correctional Center, 560 Gum Spring Road, Winnfield, LA 71483.

2. The findings and recommendations at ECF No. 9 are VACATED and WITHDRAWN. The ones in this filing are substituted, and it is hereby RECOMMENDED that:

1. The petition for writ of habeas corpus, ECF No. 1, be DENIED.

2. The Clerk of Court be ordered to enter judgment accordingly and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed

---

[4] While the Court held that section 1226(c) does not facially violate due process, as-applied challenges have not been foreclosed. *See Nielsen v. Preap*, 586 U.S. 392, 420 (2019) ("Our decision today on the meaning of that statutory provision does not foreclose as-applied challenges—that is, constitutional challenges to applications of the statute as we have now read it."). However, petitioner does not explain how section 1226(c) as applied to him violates the Fifth Amendment. *See* ECF No. 1 at 6.

within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: July 22, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE